■ In the Matter of JULIO JOHN MARINO and ALFRED L. PLESSER, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— This court on July 12, 1966 made an order in this proceeding, after a hearing before a Referee, suspending both respondents (partners in the practice of law from 1956 to 1963) as attorneys and counselors at law for 2½ years, upon findings that they were guilty of five of the six charges herein, but thereafter the Court of Appeals (1) reversed that determination, holding as a matter of law that only one of the charges ("F") had been proved, (2) remanded the matter to this court for further proceedings as to that charge and another one of the charges ("D") and (3) dismissed the other four charges (Matter of Marino, 20 N Y 2d 176, revg. 26 A D 2d 703). The directive in the remand was that this court impose discipline upon respondents with respect to charge "F" alone, with authorization for a new hearing as to charge "D" so as to afford petitioner a further opportunity to establish that charge. By reason of this court's initial

postponement of the commencement of the suspension, and stays granted pending the appeal to the Court of Appeals, the suspension order never went into effect (see, 18 N Y 2d 893). Petitioner now moves for an order abandoning and dismissing charge "D" and for imposition of discipline with respect to charge "F"; and each respondent by separate cross motion joins in petitioner's motion with respect to charge "D" and further seeks dismissal of charge "F". Petitioner's attorney has averred in his affidavit in support of petitioner's motion that, on the basis of consultation with petitioner and an interview with the investigator who was involved in charge "D", he "does not believe it to be advisable to proceed" as to that charge; and also that he "found there was no additional evidence presently available to offer" as to it and that "the matter is now too stale to warrant further investigation." All motions granted as to charge "D". That charge is deemed abandoned and it is dismissed. The cross motions are denied insofar as they are to dismiss charge "F". That charge involved the claim that respondents accepted referrals of clients from tow car operators, automobile repair and service station operators, insurance brokers, doctors and others and that respondents "have thereby stirred up litigation." The evidence at the hearing before the Referee was that an admitted total of more than 100 cases came to respondents by way of such referrals from 1957 to 1961. As the Court of Appeals wrote (p. 178), "This evidence is sufficient, in the case of two lawyers who had been admitted to the Bar" a relatively short time before that period, "to establish prima facie a pattern of systematic solicitation of automobile negligence business by utilizing their relationship with these people as a cover for directing legal business to them". The Referee also found that respondents had filed statements of retainer in 881 negligence cases during that period of time. We have considered anew the question of the measure of discipline which should be imposed upon respondents upon the basis of charge "F" alone and have determined that it should be a suspension of two years as to each of them. Accordingly, each respondent is suspended from the practice of law for a period of two years, commencing January 22, 1968. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.